# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| RACHEL ANN CLAVEY,<br><br>        Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. C 12-3095-MWB<br>(No. CR 11-3022-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS PETITIONER'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF APPLICATION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255** |

_____

      Petitioner Rachel Ann Clavey filed her *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody (§ 2255 Motion) (Civ. docket no. 1) on December 10, 2012. Her § 2255 Motion seeks relief from her guilty plea, on October 21, 2011, and sentence to 72 months of imprisonment, on February 3, 2012, to one count of conspiracy to manufacture and distribute 50 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. §§ 841 and 846, and one count of possessing with intent to distribute and aiding and abetting possession with intent to distribute 5 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Clavey did not appeal her conviction or sentence. *See also* Judgment (Crim. docket no. 49) (entered February 7, 2012). In her *pro se* § 2255 Motion, Clavey asserts the following four claims of ineffective assistance of trial counsel: (1) failure to file a notice of appeal as requested; (2) failure to challenge the amount and purity of the drug involved in her convictions; (3) failure to challenge her

"position" in the alleged conspiracy; and (4) "unavailability" of trial counsel during the plea process.

In an Order (Civ. docket no. 2), filed December 10, 2012, I directed the respondent to file an answer or motion in response to Clavey's § 2255 Motion on or before February 11, 2013. The respondent filed an Answer (Div. docket no. 3) on December 18, 2012. In an Order (docket no. 4), filed February 8, 2013, I directed the Clerk of Court to appoint counsel for Clavey; gave Clavey to and including April 9, 2013, to file a brief in support of Clavey's § 2255 Motion "with the aid of counsel"; gave the respondent to and including May 10, 2013, to file a response to Clavey's § 2255 Motion; and gave Clavey to and including May 31, 2013, to file any reply. After various extensions of time to file her brief, on September 9, 2013, Clavey, through counsel, filed her unresisted Application To File Under Seal (Application) (Civ. docket no. 12), stating that her "amended application for post conviction relief pursuant to 28 U.S.C. [§] 2255 contains exhibits which" should be filed under seal. Consequently, Clavey requested that the court "enter an order permitting her amended application for post conviction[ ] relief pursuant to 28 U.S.C. § 2255 to be filed under seal." Clavey had neither filed nor been granted leave to file an "amended application" for § 2255 relief. Thus, by Order (Civ. docket no. 13), filed on September 10, 2013, I granted Clavey's Application "only to the extent that she may file her exhibits to her supplemental memorandum under seal."

On September 10, 2013, Clavey, through counsel, filed her Supplemental Memorandum In Support Of Application For Relief Pursuant To 28 U.S.C. § 2255 (Supplemental Memorandum) (Civ. docket no. 14). Clavey's Supplemental Memorandum did not brief *any* of the claims of ineffective assistance of counsel stated in her original § 2255 Motion. Rather, it briefed the following two claims of ineffective assistance of trial counsel:

2

> 1. Trial Counsel was ineffective in failing to understand the difference between a sentencing variance and downward departure. Same resulted in his focus being placed on inappropriate considerations, not being prepared for sentencing, and a failure to effectively advocate for and present Ms. Clavey's position concerning the government's U.S.S.G. § 5K1.1 motion. Same resulted in Ms. Clavey being prejudiced by a lengthier prison term than was necessary.
>
> 2. Trial Counsel's lack of organization, advocacy, and general level of competence in federal criminal proceedings prevented Ms. Clavey from receiving an additional proffer interview to cure issues arising from the first proffer interview. Trial Counsel's deficiencies in this regard served to detract from Ms. Clavey's opportunities to earn a larger recommended reduction from the Government at time of sentencing. Ms. Clavey was prejudiced, again, by receiving a lengthier prison term tha[n] was necessary.

Petitioner's Supplemental Memorandum (Civ. docket no. 14), 2-3.

In response to Clavey's Supplemental Memorandum, the respondent filed, on September 13, 2013, the Motion To Dismiss Petitioner's Supplemental Memorandum In Support Of Application For Relief Pursuant To 28 U.S.C. § 2255 (Motion To Dismiss) (Civ. docket no. 16), which is now before me. In its Motion To Dismiss, the respondent notes that Clavey had never been granted leave to file an amended § 2255 Motion, but only leave to file a Supplemental Memorandum and leave to file exhibits in support of that Supplemental Memorandum under seal. The respondent argues that the time for Clavey to file an amended § 2255 Motion, without consent of the respondent or leave of court, under Rule 15 of the Federal Rules of Civil Procedure, expired long ago. The respondent also argues that the "new" claims in Clavey's counsel's Supplemental Memorandum do not "relate back" to any claims in her original § 2255 Motion, because they arose from distinct facts. Consequently, respondent requests that I deny or dismiss

Clavey's § 2255 Motion in its entirety. If I do not do so, the respondent states that it will submit its argument in resistance to Clavey's claims for relief by separate brief. Neither Clavey nor her counsel filed any response to the respondent's Motion To Dismiss.

Section 2255 proceedings are civil in nature and, therefore, governed by the Federal Rules of Civil Procedure. *See, e.g., Mandacina v. United States*, 328 F.3d 995, 1000 & n.3 (8th Cir.), *cert. denie*d, 540 U.S. 1018 (2003). I must first attempt to clarify the procedural footing of Clavey's Supplemental Memorandum and the respondent's "Motion To Dismiss" that Supplemental Memorandum under the Federal Rules of Civil Procedure. As the respondent points out, Clavey never sought nor was she granted (either before or after counsel was appointed to represent her in this matter) leave to amend her § 2255 Motion. It is also clear that Clavey's Supplemental Memorandum relates to entirely different claims of ineffective assistance of trial counsel than the ones that she asserted in her *pro se* § 2255 Motion. Thus, Clavey's Supplemental Memorandum must be construed as an *unauthorized* Amended § 2255 Motion. Similarly, the gravamen of the respondent's "Motion To Dismiss" is a challenge to the lack of authority for the Amended § 2255 Motion and the futility of such an amendment, because it does not "relate back," all within the meaning of Rule 15 of the Federal Rules of Civil Procedure, rather than a Rule 12(b) challenge to the Amended § 2255 Motion, for example, for failure to state a claim upon which relief can be granted. Thus, I will treat the respondent's "Motion To Dismiss" as a motion to strike the unauthorized amendment, that is, as a request for a *post hoc* denial of leave to amend pursuant to Rule 15.

Treating the present dispute as a Rule 15 dispute, I note, first, that Clavey filed her Supplemental Memorandum/Amended § 2255 Motion, long after the respondent filed its Answer and that she obtained neither the leave of the court nor the consent of the respondent to file that amendment. FED. R. CIV. P. 15(a). Consequently, her

Supplemental Memorandum/Amended § 2255 Motion may be stricken, because it is not authorized as required by Rule 15.

I also recall that I have previously observed that "'an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion if and only if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case.'" *United States v. Ruiz–Ahumada*, No. CR02-4054-MWB, 2006 WL 3050807, *2 (N.D. Iowa Oct. 24, 2006) (quoting *United States v. Espinoza–Saenz*, 235 F.3d 501, 505 (10th Cir. 2000)). Thus, I concluded, "the timeliness, or lack thereof, of [a § 2255 petitioner's amended claims] is interdependent upon the starting date for the one-year limitation." *Id.*; *see also Johnson v. United States*, 860 F. Supp. 2d 663, 711 (N.D. Iowa 2012).

Furthermore, I have previously noted that various "courts, including the Eighth Circuit Court of Appeals, have recognized that amendments pursuant to Rules 15(a) or 15(b) in § 2255 cases, offered after the expiration of the § 2255 statute of limitations, are still subject to the 'relation back' requirements of Rule 15(c)." *Johnson*, 860 F. Supp. 2d at 711. More specifically,

> Claims made in an amended motion relate back to the original motion when the amendment asserts a claim that arose out of the same "conduct, transaction, or occurrence set out … in the original" motion. Fed.R.Civ.P. 15(c)(1)(B). To arise out of the same conduct, transaction, or occurrence, the claims must be "tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005) (applying Rule 15(c) to a 28 U.S.C. § 2254 petition). An amended motion may raise new legal theories only if the new claims relate back to the original motion by "aris[ing] out of the same set of facts as [the] original claims." *Mandacina*, 328 F.3d at 1000. The facts alleged must be specific enough to put the opposing party on

5

> notice of the factual basis for the claim. *See [United States v.] Hernandez*, 436 F.3d [851,] 858 [(8th Cir.), *cert. denied*, 547 U.S. 1172 (2006)] (explaining the rationale for Rule 15(c)). Thus, it is not enough that both an original motion and an amended motion allege ineffective assistance of counsel during a trial. *See United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir.2005) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance."), *cert. denied*, 547 U.S. 1217, 126 S.Ct. 2906, 165 L.Ed.2d 936 (2006). The allegations of ineffective assistance "must be of the same 'time and type' as those in the original motion, such that they arise from the same core set of operative facts." *Hernandez*, 436 F.3d at 857 (quoting *Mayle*, 545 U.S. at 650, 657, 660, 125 S.Ct. 2562 and holding that ineffective assistance claim alleging that counsel inadequately cross-examined two witnesses did not relate back to a claim for ineffective assistance related to counsel's failure to object to the admission of evidence lacking a proper foundation); *see also Mandacina*, 328 F.3d at 1002 (concluding that counsel's alleged failure to investigate the police report of an interview naming potential suspects was not a similar type of error as allegedly failing to discover exculpatory footprints during counsel's investigation of the case); *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir.1999) (failure to file an appeal is not the same type of error as failure to seek a downward departure or challenge the drug type at sentencing).

*Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010); *see also Johnson*, 860 F. Supp. 2d at 713-14 (quoting this passage from *Dodd*).

The "new" "ineffective assistance" claims in Clavey's Supplemental Memorandum/Amended § 2255 Motion plainly do *not* "relate back" to the "ineffective assistance" claims in her original § 2255 Motion under this standard. There is no "common core" of facts between the "new" and "old" claims. *Dodd*, F.3d at 515. It is

not enough that all of the claims are "ineffective assistance" claims. *Id.* The facts alleged in Clavey's original § 2255 Motion concerning trial counsel's conduct simply were not specific enough to put the respondent on notice of the factual basis for the "new" claims of ineffective assistance. *Id.*

More specifically, the "new" allegations of ineffective assistance are not "of the same 'time and type' as those in the original motion." *Id.* (internal quotation marks and citations omitted). The original claims involved four relatively specific claims of ineffective assistance of trial counsel: (1) failure to file a notice of appeal as requested; (2) failure to challenge the amount and purity of the drug involved in Clavey's convictions; (3) failure to challenge Clavey's "position" in the alleged conspiracy; and (4) "unavailability" of trial counsel during the plea process. None of those claims or the facts alleged in support of them hint at the factual basis for a claim that trial counsel was ineffective in failing to understand the difference between a sentencing variance and downward departure. Nor do they hint at a claim that trial counsel's lack of organization, advocacy, and general level of competence in federal criminal proceedings prevented Clavey from receiving an additional proffer interview to cure issues arising from the first proffer interview. The "old" claims do not contain allegations concerning a sentencing variance or downward departure, let alone counsel's lack of understanding of the difference. Similarly, the "old" claims neither contain allegations concerning trial counsel's organization, advocacy, or "general" competence in federal criminal proceedings, nor any facts relating to Clavey's first proffer interview, although they may well have suggested that trial counsel was incompetent in certain specific respects in this case. Indeed, the lack of any response by Clavey or her counsel to the respondent's challenge suggests that they must concede that her "new" claims do not "relate back."

Consequently, I would not have granted Clavey leave to amend her § 2255 Motion to assert the "new" claims in her Supplemental Memorandum/Amended § 2255 Motion,

had Clavey properly sought leave to file an Amended § 2255 Motion, and I will now strike her Supplemental Memorandum/Amended § 2255 Motion, as both unauthorized and legally insufficient.

I will not, however, grant the respondent's Motion To Dismiss Clavey's § 2255 Motion in its entirety. There has been, as yet, no offer of a brief supporting Clavey's original § 2255 Motion nor any demonstration that those original claims are without merit. It is possible that counsel asserted "new" claims in Clavey's Supplemental Memorandum/Amended § 2255 Motion, instead of the claims in her original § 2255 Motion, because his investigation demonstrated that Clavey's original claims were untenable. The proper course for counsel in those circumstances, however, was not to try to change the claims at issue without leave of court or consent of opposing counsel, but to file an *Anders* brief in support of Clavey's original claims.

THEREFORE, the Respondent's September 13, 2013, Motion To Dismiss Petitioner's Supplemental Memorandum In Support Of Application For Relief Pursuant To 28 U.S.C. § 2255 (Cvi. docket no. 16) is **granted**, as follows:

1. Clavey's September 10, 2013, Supplemental Memorandum In Support Of Application For Relief Pursuant To 28 U.S.C. § 2255 (Cvi. docket no. 14) is **construed as an Amended § 2255 Motion**;

2. The respondent's Motion To Dismiss is **construed as** a Motion To Strike Clavey's September 10, 2013, Supplemental Memorandum/Amended § 2255 Motion as an unauthorized amendment, that is, as a request for a *post hoc* denial of leave to amend pursuant to Rule 15;

3. Clavey's September 10, 2013, Supplemental Memorandum/Amended § 2255 Motion is **stricken**, *as both unauthorized and legally insufficient*;

4. Clavey shall have **to and including May 30, 2014,** within which to file a supplemental brief in support of her *original* § 2255 Motion, ***with the assistance of***

*counsel*, and, if counsel cannot file such a brief in good faith, counsel shall file within that time an *Anders* brief.  ***If no brief is filed within that time, or within the period of any properly requested extension, Clavey's § 2255 Motion will be dismissed for want of prosecution.***  The respondent shall have **to and including June 30, 2014,** to file a brief in response to Clavey's supplemental brief or *Anders* brief.  Clavey shall have **to and including July 21, 2014,** to file any reply brief (either *pro se* or with the assistance of counsel).

**IT IS SO ORDERED**.

**DATED** this 7th day of May, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA